**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0912-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY M. BENTLEY, 2ND,

    Defendant-Appellant.

_____

Submitted February 12, 2025 – Decided April 10, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-07-2057.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gregory M. Bentley, 2nd appeals from the October 30, 2023[1] order of the Law Division denying his petition for post-conviction relief (PCR) after an evidentiary hearing.  We affirm.

I.

Defendant was indicted on multiple counts arising from the 2016 armed robbery of a convenience store and the shooting of a store employee.  A jury convicted defendant of first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1), first-degree robbery, N.J.S.A. 2C:15-1, second-degree robbery, N.J.S.A. 2C:15-1(a)(2) and (b), second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2 and 2C:12-1(b)(2), second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and second-degree burglary, N.J.S.A. 2C:18-2.  The trial court sentenced defendant to an aggregate twenty-six-year term of incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

---

[1] Both the trial court's written decision and its order are dated October 27, 2023. However, the notice of appeal and case information statement refer to both as having been filed on October 30, 2023.  The court-generated filing date on the top of the copies of the decision and order in the record are obscured.  For purposes of this opinion, we accept the filing date listed on the notice of appeal.

A-0912-23

We affirmed defendant's convictions and sentence. State v. Bentley, No. A-5978-17 (App. Div. July 23, 2020). The Supreme Court denied defendant's petition for certification. State v. Bentley, 244 N.J. 339 (2020).

On August 18, 2020, defendant filed a self-represented PCR petition. The PCR court thereafter appointed counsel. On June 27, 2022, defendant's counsel filed a PCR petition alleging defendant's trial counsel was ineffective because he failed to: (1) adequately communicate with defendant prior to and during trial; (2) completely review discovery with defendant; and (3) properly advise defendant of the strength of the State's case and the strategy to be pursued at trial, all of which prevented defendant from accepting the State's reduced plea offer. The PCR court held an evidentiary hearing on the petition, at which defendant and his trial counsel testified.

On October 30, 2023, Judge Marysol Rosero issued a comprehensive twenty-three-page written decision denying the petition. Judge Rosero found the following with respect to plea negotiations. On January 17, 2017, the State placed on the record a plea offer of a twenty-year term of incarceration with an eighty-five-percent period of parole ineligibility in exchange for a guilty plea to first-degree attempted murder. Defendant's first trial counsel counteroffered a twelve-year prison term for a guilty plea to the same offense, which the State

A-0912-23

rejected. After defendant's second trial counsel, Christopher S. Dunn, was appointed, the State reiterated its original offer and established a September 25, 2017 plea cutoff date.

After months of negotiations, on September 25, 2017, the State placed a reduced plea offer on the record. The State offered an eighteen-year sentence, with an eighty-five-percent period of parole ineligibility in exchange for a guilty plea to first-degree attempted murder.[2] The State set a new plea cutoff date of October 30, 2017. The plea cutoff date was subsequently adjourned to December 11, 2017.

On December 11, 2017, defendant rejected the reduced plea offer. On that day, Dunn discussed with defendant on the record the particulars of the pretrial memorandum. He addressed defendant's maximum sentencing exposure of 115 years of imprisonment, subject to NERA and the Graves Act, N.J.S.A. 2C:43-6(c), if convicted of all counts in the indictment. Defendant stated on the record he understood his sentencing exposure, as well as the counts to which NERA and the Graves Act applied. He also stated he understood that by turning down the State's reduced plea offer, that offer would be withdrawn and if he was

---

[2] The PCR court's written decision refers to the reduced plea offer as both seventeen years and eighteen years. The discrepancy is not material to our analysis.

A-0912-23

convicted of all counts at trial, there was "absolutely no way" he would be sentenced to the term in the reduced plea offer. Prior to trial, the court granted defendant's motion to suppress an out-of-court identification of him and denied his motion to suppress a statement he made to police.

Judge Rosero found credible the following testimony from Dunn at the PCR hearing: (1) he met with defendant between five and ten times at the county jail prior to trial to review discovery and discuss strategy in sessions that lasted from forty-five minutes to an hour and a half; (2) he spoke with defendant prior to each court date; and (3) his review of the evidence revealed that the State's proofs, including a video surveillance recording depicting defendant's participation in the armed robbery and a 9-1-1 call from the victim on which can be heard gunshots and defendant demanding money, were "very strong"; (4) he explained the strength of the evidence to defendant who, despite Dunn's efforts to the contrary in numerous conversations, "was never willing to accept the plea offers . . . ."; (5) defendant found the State's final plea offer "unacceptable" and refused to accept any plea offer above the ten-to-twelve-year range; and (6) he discussed with defendant the outcome of numerous pretrial motions, as well as the pros and cons of accepting a guilty plea versus going to trial in light of the strength of the proofs and defendant's sentencing exposure if convicted.

5

In making those findings, Judge Rosero found lacking in credibility defendant's testimony that: (1) he met with Dunn at the county jail only three times for approximately ten minutes for each meeting; (2) Dunn provided him with an incomplete copy of the surveillance video recording; (3) Dunn failed to review the discovery, trial strategy, or the State's initial plea offer with him; (4) he was given only one day to consider the State's reduced plea offer and Dunn refused to allow him to discuss the reduced plea offer with his family; and (5) Dunn discussed the reduced plea offer with defendant for a total of five to seven minutes. Defendant relied on this testimony in support of his argument that had Dunn reviewed the discovery, collaborated on trial strategy, and meaningfully discussed the State's reduced plea offer with him, defendant would have accepted the reduced plea offer and not gone to trial.

Judge Rosero found defendant's testimony at the PCR hearing lacked credibility based on "the established record that directly contradict[ed] [defendant's] testimony, his prior inconsistent statements on the record before this court, the lack of reasonableness of his testimony, and evidence that contradict[ed] his testimony . . . ." Conversely, the judge found Dunn's testimony to be credible because it was corroborated by the record of the trial

6

court proceedings, reasonable, and not contradicted by evidence produced at the PCR hearing.

The judge found defendant reviewed the evidence with Dunn, including the video recording of him engaging in violent offenses, understood the plea offers, had three months to consider the reduced plea offer, knew the strength of the State's proofs, and knowingly rejected the reduced plea offer. The judge concluded defendant failed to prove he received inadequate advice from Dunn and found that defendant's "claim that he did not have the opportunity to consider a plea offer [was] false." In addition, Judge Rosero found that

> Dunn could not force [defendant] to plead guilty. Once [defendant] rejected the plea offer, . . . Dunn's only recourse was to zealously represent [defendant] at trial – which the record[] shows he did. At the pretrial stage, . . . Dunn filed motions, which he discussed with [defendant]. Specifically, he filed Miranda[3] and Wade[4] motions. Although the court denied the motion to suppress [defendant's] statement, the defense prevailed on the Wade motion and the court suppressed the out[-]of[-]court identification of [defendant]. During the hearing, [defendant] testified, "I did ask him about [the two motions] but that was strategy for trial that he had to put motions in before trial[,]" [a]dmitting . . . Dunn had discussed strategy and motions with him.

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

[4] United States v. Wade, 388 U.S. 218 (1967).

7

The judge continued: "[Defendant] fails to identify deficiencies in . . . Dunn's performance. . . . Dunn did not prevent [defendant] from accepting a plea offer. To the contrary, the record shows . . . Dunn negotiated zealously to get [defendant] a favorable plea" offer, which defendant rejected. The judge also found defendant failed to prove that had Dunn provided different advice prior to trial, defendant would have accepted the reduced plea offer, given his refusal to accept the offer in the face of strong evidence of his guilt.

Thus, the court concluded, defendant was not entitled to PCR. An October 30, 2023 order memorialized the trial court's decision.

This appeal followed. Defendant raises the following arguments.

DEFENDANT DEMONSTRATED HIS ENTITLEMENT TO POST-CONVICTION RELIEF AT THE EVIDENTIARY HEARING.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL PROVIDED DEFENDANT INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY COMMUNICATE WITH HIS CLIENT, ADVISE HIM AS TO THE STATE'S EVIDENCE AND DISCUSS TRIAL STRATEGY, WHICH ERRORS CAUSED DEFENDANT TO REJECT A FAVORABLE PLEA OFFER.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights . . . ." Ibid. "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. Mitchell, 126 N.J. at 579.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel'

A-0912-23

guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant then must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

"We defer to [a] trial court's factual findings made after an evidentiary hearing on a petition for PCR." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). "However, we do not defer to legal conclusions, which we review de novo." State v. Holland, 449 N.J. Super. 427, 434 (App. Div. 2017).

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the October 30, 2023 order for the reasons stated by Judge Rosero in her thorough and well-reasoned written opinion. Her conclusions regarding the advice provided by defendant's trial counsel, including the State's reduced plea offer, and defendant's resulting failure to establish ineffective assistance of counsel, are well supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-0912-23